UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN E. DAVIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | )  No. 1:15-cv-01731-JMS-MJD ) |
| CAROLYN W. COLVIN, | ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Ryan E. Davis ("Davis") requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3)(A). For the reasons set forth below, the Magistrate Judge recommends that the District Judge **AFFIRM** the decision of the Commissioner.[1]

### I.  Background

Davis filed an application for DIB on May 8, 2013, and an application for SSI on May, 15, 2013. [Dkt. 13-2 at 11.] In both applications, Davis alleged an onset of disability date of January 1, 2007. *Id*. Davis alleges disability due to depression, anxiety, schizoaffective disorder, and related mental impairments.[2] [Dkt. 13-2 at 14.] Davis's applications were initially denied

---

[1] Davis applied for both SSI and Disability Insurance Benefits ("DIB"), but he does not challenge the ALJ's denial of DIB based upon insufficient evidence to establish a severe impairment prior to December 31, 2007 (the last date insured).
[2] Davis and the Commissioner recited the relevant factual and medical background in more detail in their opening briefs. [*See* Dkt. 22 and Dkt. 27.] Because these facts involve Davis's confidential and otherwise sensitive medical

1

on August 20, 2013, and denied again on October 24, 2013, upon reconsideration. [Dkt. 13-2 at 11.] Davis timely filed a written request for a hearing, which was held on July 10, 2014, before Administrative Law Judge Julia D. Gibbs ("ALJ"). [*Id*.] The ALJ issued a decision on September 9, 2014, again denying Davis's applications for DIB and SSI. [Dkt. 13-2 at 8.] On September 4, 2015, the Appeals Council denied Davis's request for review, making the ALJ's decision the final decision for purposes of judicial review. [Dkt. 13-2 at 2.] Davis timely filed his Complaint with this Court on October 31, 2015, which Complaint is now before the Court.

## II. Legal Standard

To be eligible for DIB or SSI, a claimant must have a disability pursuant to 42 U.S.C. § 423.[3] Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the Commissioner, as represented by the ALJ, employs a five-step sequential analysis: (1) if the claimant is engaged in substantial gainful activity, he is not disabled; (2) if the claimant does not have a "severe" impairment, one that significantly limits his ability to perform basic work activities, he is not disabled; (3) if the claimant's impairment or combination of impairments meets or medically equals any impairment appearing in the Listing of Impairments, 20 C.F.R. pt. 404, subpart P, App. 1, the claimant is

---

information, the Court will incorporate by reference the factual background in the parties' briefs but will articulate specific facts as needed below.

[3] In general, the legal standards applied in the determination of disability are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for Disability Insurance Benefits and Supplemental Security Income claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provisions as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

disabled; (4) if the claimant is not found to be disabled at step three and he is able to perform his past relevant work, he is not disabled; and (5) if the claimant is not found to be disabled at step three and cannot perform his past relevant work but he can perform certain other available work, he is not disabled. 20 C.F.R. § 404.1520. Before proceeding from step three to step four, the ALJ must assess the claimant's residual functional capacity (RFC), identifying the claimant's functional limitations and assessing the claimant's remaining capacity for work-related activities. S.S.R. 96-8p.

The ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* This Court may not reweigh the evidence or substitute its judgment for that of the ALJ but may only determine whether substantial evidence supports the ALJ's conclusion. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008) (citing *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007)). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (citing *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985); *Zblewski v. Schweiker*, 732 F.2d 75, 79 (7th Cir. 1984)). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). To be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into his reasoning" and "build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176.

3

### III.  The ALJ's Decision

The ALJ first determined that Davis has not engaged in substantial gainful activity since January 1, 2007, the alleged onset date. [Dkt. 13-2 at 13.] At step two, the ALJ determined that Davis "has the following severe impairments: schizoaffective disorder, depression, anxiety, and polysubstance abuse." *Id.* However, at step three, the ALJ found that Davis does not have an impairment or combination of impairments that meets or medically equals a listed impairment. [Dkt. 13-2 at 14.] In making this determination, the ALJ considered Listings 12.03, 12.04, 12.06, and 12.09 for Davis's impairments, but found that the medical evidence did not support all criteria of those listings. *Id.*

The ALJ next analyzed Plaintiff's residual functional capacity ("RFC"). She concluded that Plaintiff had the RFC to perform a full range of work at all exertional levels with the following non-exertional limitations:

> [H]e is limited to work that does not require interaction contact with the general public or crowds, or more than superficial contact with coworkers and supervisors.

[Dkt. 13-2 at 16] In finding these limitations, the ALJ considered Davis's "symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." *Id.* The ALJ then acknowledged that the evidence presented could reasonably show that Davis suffers from the symptoms he alleges, but she found his statements "not entirely credible." [Dkt. 13-2 at 17.] At step four, the ALJ determined that Davis had no past relevant work. The ALJ thus proceeded to step five, at which time she received testimony from the vocational expert indicating that someone with Plaintiff's education, work experience, age, and RFC would be able to perform jobs such as dishwasher, hand

4

packager, and laundry laborer. Because these jobs existed in significant numbers in the national economy, the ALJ concluded that Plaintiff was not disabled. [Dkt. 13-2 at 21.]

## IV. Discussion

Davis asserts the ALJ committed various errors that require reversal of the Commissioner's decision. Specifically, Davis contends the ALJ erred when she: (1) failed to find his combined impairments of major depression with psychotic features, anxiety and post-traumatic stress disorder rendered him disabled; (2) failed to summon a medical advisor to testify as to whether his combined psychiatric impairments medically equaled a listing; and (3) failed to adequately account for his mental functional deficiencies in the Residual Functional Capacity ("RFC") assessment.

### A. Combined Mental Impairments

Davis argues substantial evidence does not support the ALJ's determination that his combined mental impairments do not render him totally disabled at step three. Davis asserts that the ALJ erroneously rejected or ignored evidence that proves Davis is disabled. However, because Davis cannot point to substantial evidence that supports a conclusion that these impairments meet or equal a listing, and because the ALJ articulated a reasonable and supported analysis, the step three finding is appropriate.

At step three, the ALJ must determine whether any impairment meets or medically equals a listing from the Listing of Impairments. 20 C.F.R. § 404.1520(d). The claimant has the burden of showing that his impairments meet a listing by showing that his impairment satisfies all the criteria specified in the listing. The ALJ must then discuss the listing by name and offer more than a perfunctory analysis of the listing. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1).

The ALJ evaluated the medical evidence under Listings 12.03 (Schizophrenic, paranoid and other psychotic disorders), 12.04 (Affective disorders, 12.06 (Anxiety-related disorders), and 12.09 (Substance addition disorders). The ALJ then determined that the evidence, which indicated only mild restrictions in activities of daily living and moderate difficulties in social functioning, was not at a level of severity that satisfied the requirements of any of those listings. Davis argues the ALJ "refused to consider" a Mental Residual Functional Capacity Assessment completed by a social worker in May 2014 that indicated Davis had "marked" impairments in eleven functions. The Commissioner noted that because a social worker is not an "acceptable medical source" under the regulations, the ALJ was not required to give her opinion controlling weight. On reply, Davis argues that even though a social worker is not an acceptable medical source, her opinion may be used as evidence of the severity of the impairment and should not have been ignored by the ALJ.

Contrary to Davis's assertion, the ALJ did not reject or ignore the social worker's assessment. The ALJ noted that the assessment reflected Davis's subjective complaints rather than examination results and was contrary to evidence from two state agency physicians who found that while Davis might prefer to work in a position with limited social interaction, he is able to respond appropriately to brief supervision and interactions with coworkers. As the ALJ addressed this assessment and provided an appropriate analysis of the record, which contains evidence inconsistent with the social worker's assessment, the Court finds no error.

Davis makes no further argument that his impairments meet the criteria of any listing. Instead, Davis strings together several disjointed phrases from Seventh Circuit social security decisions without connecting the law to the facts of his case. "This method of argumentation is not argumentation at all .... The Court cannot and will not forge new arguments for [the

6

Claimant]." *Poston v. Astrue,* 2010 WL 987734, at *8 (S.D. Ind. 2010). It is the plaintiff's burden to demonstrate that his impairments meet or equal a listing. *Ribaudo v. Barnhart,* 458 F.3d 580, 583 (7th Cir. 2006). Based upon the medical record as a whole, the ALJ found Davis's mental impairments did not rise to the level of severity required to be considered "disabled" under Listing 12.03, 12.04, 12.06, or 12.09. The Court finds there is substantial evidence to support that conclusion.

### B. Medical Advisor

Davis next asserts the ALJ was required to summon a medical advisor to testify as to whether his combined mental impairments met or medically equaled a listing. An ALJ must rely on a medical expert's opinion when finding a claimant does not meet or equal a listed impairment. SSR 96–6p. In some instances, this requires the ALJ to hear additional evidence from a medical examiner. *See Green v. Apfel,* 204 F.3d 780, 781 (7th Cir. 2000) (noting that the ALJ incorrectly made medical conclusions instead of consulting a medical examiner). However, when the medical evidence in the record is sufficient to make a decision, the ALJ may rely on it alone. *Simila v. Astrue,* 573 F.3d 503, 516 (7th Cir. 2009).

Here, the ALJ relied upon the opinion of state agency psychiatrist Dr. Kennedy, who noted that the severity of Davis's mental health allegations were not fully supportable in the record. Dr. Kennedy further noted that Davis is able to perform unskilled work and respond appropriately to supervision, though he may prefer work that requires minimal interaction with others. The ALJ likewise relied upon the opinion of state agency psychologist Dr. Larsen, who also found Davis would be able to perform unskilled work and appropriately handle brief interactions with coworkers and supervisors. In fact, no accepted medical source opined that Davis was unable to perform the work set forth in the ALJ's RFC.

Davis attempts to rely upon *Barnett v. Barnhart,* 381 F.3d 664 (7th Cir. 2004), but his reliance is misplaced because the ALJ in *Barnett* did not consult a medical expert at all or rely on a signed Disability Determination. *Barnett,* 381 F.3d at 670–71. Instead, the ALJ based his findings on his own layman's opinion. *Id.* at 671. By contrast, the ALJ in the present case grounded her findings in medical opinions from an agency psychiatrist and psychologist. Accordingly, the Court finds the ALJ did not err in holding a hearing without summoning a medical advisor to testify in this case. The Court finds the record substantially supports the ALJ's determination that Davis did not meet or medically equal a listing.

### C. Step Five and RFC

Davis's final argument for the reversal of the ALJ's decision challenges the ALJ's determination of his RFC. Specifically, Davis asserts the ALJ failed to accurately consider the impact of his combined mental impairments. This argument is based upon Davis's contention, addressed above, that the ALJ improperly rejected the May 2014 mental health assessment by a social worker that noted eleven functional areas of marked impairment that would "preclude all employment." [Dkt. 22 at 16.] Davis asserts no new argument in this section of his brief. As addressed above, there is substantial evidence to support the ALJ's conclusion that Davis does not meet any listing. The ALJ provided reasonable limitations related to Davis's mental impairments in the RFC, supported with substantial evidence and analysis. Therefore, there is no reason to disturb the ALJ's RFC determination.

### V. Conclusion

The standard for disability claims under the Social Security Act is stringent. The Act does not contemplate degrees of disability or allow for an award based on partial disability. *Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985). Furthermore, the standard of review of

the Commissioner's denial of benefits is narrow. The Court reviews the record as a whole, but does not re-weigh the evidence or substitute its judgment for the ALJ's. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). The Court must uphold a decision where, as here, it is supported by substantial evidence in the record.  As the Court cannot find a legal basis to overturn the ALJ's determination that Davis does not qualify for disability benefits, the undersigned recommends the Commissioner's decision be **AFFIRMED**.

### Notice Regarding Objections

Within fourteen days of being served with a copy of this recommendation, either party may serve and file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2).  A district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3).  Failure to file an objection might result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Davis v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Dated:  27 DEC 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov